UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
VW CREDIT LEASING, LTD.,

        Plaintiffs,                                  Index No.: 23-CV-6186

  - against –

                                                          **ANSWER**

CITY OF NEW YORK, NEW YORK POLICE
DEPARTMENT CAPTAIN GLORISEL LEE, NEW
YORK POLICE DEPARTMENT LIEUTENANT
MIGUEL ESTEVEZ, NEW YORK POLICE
DEPARTMENT OFFICER DANIEL CENTER
(SHIELD NO. 29164), NEW YORK POLICE
DEPARTMENT OFFICER ROBERT CAMPBELL
(SHIELD NO. 27428), BREEN BROS. TOWING, INC.,
JOSEPH BREEN, and DEALER DIRECT SERVICES,
INC.

        Defendants.
-------------------------------------------------------------------X

Defendant, BREEN BROS. TOWING, INC. (hereinafter "BREEN TOWING" or "DEFENDANT") and Joseph Breen, by and through their attorneys, Whalen Law Group, P.C., as and for their Answer to the Plaintiff's Complaint, state upon information and belief as follows:

**PRELIMINARY STATEMENT**

1. Paragraph 1 contains a legal characterization to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 1.

2. Paragraph 2 contains a legal characterization to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 2.

3. Paragraph 3 contains a legal characterization to which no response is required. Defendants deny that it had an arrangement with Defendant Dealer Direct to use a portion of AKP's Property. To the extent a response is required, Defendants deny the allegations in Paragraph 3.

4. Defendants deny the allegations in Paragraph 4.

5. Paragraph 5 contains a legal characterization to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 5.

6. Defendants deny the allegations in Paragraph 6.

7. Defendants deny the allegations in Paragraph 7.

8. Defendants deny the allegations in Paragraph 8.

9. Paragraph 9 contains a legal characterization to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 9.

## JURISDICTION AND VENUE

10. Defendants admit the allegations in Paragraph 10.

11. Defendants admit the allegations in Paragraph 11.

12. Defendants admit that an award of costs and attorney's fees is authorized, if proven after trial, by 42 U.S.C. §1988.

13. Defendants admit the allegations in Paragraph 13.

## PARTIES

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. Defendants admit the allegations in Paragraph 17.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Defendant Breen Towing admits that it is a company incorporated in New York with a business address of 566 Industrial Loop, Staten Island, NY 10309.

23. Defendant Joseph Breen admits that he resides in the State of New York and denies the remainder of allegations in Paragraph 23.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

## FACTS

25. Defendants admit the allegations in Paragraph 25.

26. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27. Defendants deny the allegations in Paragraph 27.

28. Defendants admit the allegations in Paragraph 28.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

32. Defendants deny that there was any arrangement between Defendant Dealer Direct and either Breen Towing or Joseph Breen, and Defendants further deny that AKP was without knowledge or approval of their storage of vehicles on the Property.

33. Defendants deny the allegations in Paragraph 33.

34. Defendants deny that a sign as indicated in Paragraph 33 was in place at the Property entrance on August 8, 2023.

35. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

41. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42. Defendants admit that Plaintiff Espada, utilizing a flatbed tow truck identified as a Plaintiff Plaza vehicle, removed two (2) vehicles from the Property that were in the care and custody of Breen Towing. Defendants deny all the remaining allegations in Paragraph 42.

43. Defendants admit that the two (2) vehicles removed from the Property by Plaintiff Espada were placed on the Property by Defendant Breen Towing. Defendants deny all the remaining allegations in Paragraph 43.

44. Defendants admit that Plaintiff Espada turned right out of the Property, and deny all the remaining allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants deny the allegations in Paragraph 55.

56. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56.

57. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57.

58. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58.

59. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59.

60. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60.

61. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61.

62. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62.

63. Defendants deny the allegations in Paragraph 63.

64. Defendants deny the allegations in Paragraph 64.

65. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65.

66. Defendants deny that Plaintiff AKP provided proof to Captain Lee that the vehicles that Plaintiffs Espada and Plaza attempted to remove were not authorized to be placed on the Property, nor that AKP had the right to remove the vehicles from the Property.

67. Defendants deny the allegations in Paragraph 67.

68. Defendants are without knowledge or information regarding Paragraph 68, and leave Plaintiffs to their proofs.

69. Defendants deny the allegations in Paragraph 69.

70. Defendants deny the allegations in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71.

72. Defendants deny the allegations in Paragraph 72.

73. Defendants deny the allegations in Paragraph 73.

74. Defendants are without knowledge or information regarding Paragraph 74, and leave Plaintiffs to their proofs.

75. Defendants are without knowledge or information regarding Paragraph 75, and leave Plaintiffs to their proofs.

76. Defendants deny the allegations in Paragraph 76.

77. Defendants deny the allegations in Paragraph 77.

78. Defendants deny the allegations in Paragraph 78.

79. Defendants deny the allegations in Paragraph 79.

80. Defendants deny the allegations in Paragraph 80.

81. Defendants deny the allegations in Paragraph 81.

82. Defendants deny the allegations in Paragraph 82.

83. Defendants deny the allegations in Paragraph 83.

84. Defendants deny the allegations in Paragraph 84.

85. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85.

86. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86.

### AS AND FOR A FIRST CAUSE OF ACTION
**Unlawful Seizure/False Arrest of Plaintiff Espada as Against Defendants City, Captain Lee, Lieutenant Estevez and Officer Center Pursuant to 42 U.S.C. § 1983 for Defendants' Violations of Plaintiffs' Rights Under the Fourth and Fourteenth Amendments to the United States Constitution**

87. This paragraph 87 does not require a response by Defendants.

88. This paragraph 88 does not require a response by Defendants.

89. This paragraph 89 does not require a response by Defendants.

90. This paragraph 90 does not require a response by Defendants.

91. This paragraph 91 does not require a response by Defendants.

92. This paragraph 92 does not require a response by Defendants.

7

93. This paragraph 93 does not require a response by Defendants.

## AS AND FOR A SECOND CAUSE OF ACTION
**Malicious Prosecution of Plaintiff Espada as Against Defendants City, Captain Lee and Officer Center Lieutenant Estevez Pursuant to 42 U.S.C. § 1983 for Defendants' Violations of Plaintiffs' Rights Under the Fourth Amendment to the United States Constitution**

94. This paragraph 94 does not require a response by Defendants.

95. This paragraph 95 does not require a response by Defendants.

96. This paragraph 96 does not require a response by Defendants.

97. This paragraph 97 does not require a response by Defendants.

98. This paragraph 98 does not require a response by Defendants.

99. This paragraph 99 does not require a response by Defendants.

100. This paragraph 100 does not require a response by Defendants.

101. This paragraph 101 does not require a response by Defendants.

## AS AND FOR A THIRD CAUSE OF ACTION
**Civil Conspiracy as Against Defendants Pursuant to 42 U.S.C. § 1983**

102. This paragraph 102 does not require a response by Defendants.

103. Defendants admit the allegations in Paragraph 103.

104. Defendants admit the allegations in Paragraph 104.

105. Defendants admit the allegations in Paragraph 105.

106. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106.

107. Defendants deny the allegations in Paragraph 107.

108. Defendants deny the allegations in Paragraph 108.

109. Defendants deny the allegations in Paragraph 109.

110. Defendants deny the allegations in Paragraph 110.

111. Defendants deny the allegations in Paragraph 111.

## AS AND FOR A FOURTH CAUSE OF ACTION
### Trespass

112. This paragraph 112 does not require a response by Defendants.

113. Defendants are without knowledge or information regarding Paragraph 113, and leave Plaintiffs to their proofs.

114. Defendants deny the allegations in Paragraph 114.

115. Defendants deny the allegations in Paragraph 115.

116. Defendants deny the allegations in Paragraph 116.

117. Defendants deny the allegations in Paragraph 117.

118. Defendants deny the allegations in Paragraph 118.

119. Defendants deny the allegations in Paragraph 119.

## AS AND FOR A FIFTH CAUSE OF ACTION
### Private Nuisance

120. This paragraph 120 does not require a response by Defendants.

121. Defendants are without knowledge or information regarding Paragraph 121, and leave Plaintiffs to their proofs.

122. Defendants deny the allegations in Paragraph 122.

123. Defendants deny the allegations in Paragraph 123.

124. Defendants deny the allegations in Paragraph 124.

125. Defendants deny the allegations in Paragraph 125.

126. Defendants deny the allegations in Paragraph 126.

## AS AND FOR A SIXTH CAUSE OF ACTION
### Conversion

127. This paragraph 127 does not require a response by Defendant.

128. Defendants are without knowledge or information regarding Paragraph 128, and leave Plaintiffs to their proofs.

129. Defendants deny the allegations in Paragraph 129.

130. Defendants are without knowledge or information regarding Paragraph 130, and leave Plaintiffs to their proofs.

131. Defendants deny the allegations in Paragraph 131.

132. Defendants deny the allegations in Paragraph 132.

133. Defendants deny the allegations in Paragraph 133.

134. Defendants deny the allegations in Paragraph 134.

135. Defendants deny the allegations in Paragraph 135.

### AS AND FOR A SEVENTH CAUSE OF ACTION
**False Imprisonment Pursuant to State Law of Plaintiff Espada as Against Defendant Breen Bros.**

136. This paragraph 136 does not require a response by Defendant.

137. Defendants deny the allegations in Paragraph 137.

138. Defendants deny the allegations in Paragraph 138.

139. Defendants deny the allegations in Paragraph 139.

140. Defendants deny the allegations in Paragraph 140.

141. Defendants deny the allegations in Paragraph 141.

### DEMAND FOR JURY

142. Defendants request that this matter be heard by the Court.

## GENERAL DENIAL

143. Defendants deny each and every allegation not specifically admitted herein and deny that Plaintiff is entitled to any of the relief requested in the PRAYER FOR RELIEF section of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiffs have failed, in whole or in part, to state a claim upon which relief may be granted and/or fails to plead sufficient facts to support the claims and conclusions alleged in the Complaint.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiffs have unclean hands, in that they were not only aware, but consented to permit Breen Bros. Towing, Inc. to store vehicles on the Property.

### THIRD AFFIRMATIVE DEFENSE

3. Defendants assert that the damages allegedly sustained by the Plaintiffs were caused by the sole, concurring and/or contributory negligence of the Plaintiffs and/ or other unnamed parties. Plaintiff(s) are the proximate cause of any damages they may have allegedly incurred.

### FOURTH AFFIRMATIVE DEFENSE

4. Defendants had a Shopkeeper's Privilege in that they reasonably believed that the plaintiffs Espada and Plaza Body Shop, working at the instruction of Arthur Kill Properties, were in the process of stealing two (2) of their Vehicles from the Property.

## FIFTH AFFIRMATIVE DEFENSE

5.  Defendants deny any and all allegations of wrongdoing as stated in the Complaint and demands strict proof of all allegations in that regard.

## SIXTH AFFIRMATIVE DEFENSE

6.  Plaintiffs failed to take action to mitigate its damages.

## SEVENTH AFFIRMATIVE DEFENSE

7.  People or entities other than these defendants caused or contributed to the damages Plaintiffs claim to have suffered. Therefore, Plaintiffs' claims against Defendants must be reduced by the amount equal of the fault of others causing or contributing to the injury.

## EIGHTH AFFIRMATIVE DEFENSE

8.  Plaintiff failed to timely and properly exhaust all necessary administrative, statutory, and/or jurisdictional prerequisites to commence this action.

## NINETH AFFIRMATIVE DEFENSE

9.  Plaintiff action is barred by the principles of waiver, estoppel and laches.

## TENTH AFFIRMATIVE DEFENSE

10. Defendant was following a lawful order by a government agency.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Damages are not stated in the Complaint with any specificity and are speculative.

\* \* \*

Defendant reserve the right to assert such additional defenses that may appear and prove applicable as Plaintiff's claims are clarified in the course of this litigation.

\* \* \*

**WHEREFORE**, the Defendant, BREEN BROS TOWING, INC. respectfully request judgment as follows:

    A.    Dismissing Plaintiff's Complaint in its entirety;

    B.    Awarding Defendants reasonable attorneys' fees and costs because Plaintiff's claims are frivolous, and Plaintiff has knowingly made false statements in his pleading; and

    C.    Awarding such other relief as the Court deems just and proper.

Dated: Staten Island, New York  
       September 11, 2023

**Whalen Law Group, P.C.**  
Attorneys for Defendant:
- *Breen Bros Towing, Inc.*
- *Joseph Breen*

By  ___/s/ Mark L. Whalen_____

**Mark Whalen, Esq.**  
38-08 Union Street, Suite 12B  
Flushing, NY 11354  
(609) 731-3132  
E-Mail:  markw.lawfirm@gmail.com

FILED:  ECF

MILMAN LABUDA LAW GROUP PLLC  
Attorneys for Plaintiffs  
Jamie S. Felsen, Esq.  
  Michael J. Mauro, Esq.  
  Kyle F. Monaghan, Esq  
3000 Marcus Avenue  
Suite 3W8  
Lake Success, NY 11042-1073  
(516) 328-8899 (office)  
jamiefelsen@mllaborlaw.com  
michael@mllaborlaw.com  
kyle@mllaborlaw.com

13