UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MILTON ESPADA, ARTHUR KILL PROPERTIES,
LLC, and PLAZA BODY SHOP, INC.                          Case No.: 23-cv-6186 (NRM)(JRC)

                         **Plaintiffs,**

                  - against -

CITY OF NEW YORK, NEW YORK POLICE
DEPARTMENT CAPTAIN GLORISEL LEE, NEW
YORK POLICE DEPARTMENT LIEUTENANT
MIGUEL ESTEVEZ, BREEN BROS. TOWING,
INC., JOSEPH BREEN, and DEALER DIRECT
SERVICES, INC.

                         **Defendants.**
-------------------------------------------------------------------X

## PLAINTIFFS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR MOTION FOR DEFAULT JUDGMENT

Dated:  Lake Success, New York
         April 11, 2025

                                                    **MILMAN LABUDA LAW GROUP PLLC**
                                                      Michael J. Mauro, Esq.
                                                      Kyle F. Monaghan, Esq.
                                                      3000 Marcus Avenue, Suite 3W8
                                                     Lake Success, NY 11042-1073
                                                     (516) 328-8899 (office)
                                                     (516) 328-0082 (facsimile)
                                                     michael@mllaborlaw.com
                                                     kyle@mllaborlaw.com

# TABLE OF CONTENTS

**STATEMENT OF FACTS** ................................................................................................ 1

**ARGUMENT** .................................................................................................................... 3

**I.     THE PLAINTIFFS ARE ENTITLED TO A DEFAULT JUDGMENT** ...................... 3

**II.    PLAINTIFF AKP IS ENTITLED TO JUDGMENT AGAINST DEALER DIRECT SERVICES FOR TRESPASS AND PRIVATE NUISANCE** .................................... 4

**III.   DEFAULT AGAINST DEALER DIRECT WILL NOT IMPACT THE APPEARING DEFENDANTS** ................................................................................. 5

    A.   There is no joint liability between Dealer Direct and any other defendant. ................ 7

    B.   There will not be inconsistent results. ........................................................................ 8

    C.   There is no reason to delay. ........................................................................................ 9

**IV.    PLAINTIFF IS ENTITLED TO DAMAGES** ............................................................. 9

**CONCLUSION** ............................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61 (2d Cir. 1981) ...................................................... 4
Copart Indus. v. Consolidated Edison Co. of NY, 41 N.Y.2d 564 N.Y.S.2d 169 (1977) .............. 5
Economist's Advocate, LLC v. Cognitive Arts Corp., No. 01 Civ. 9486, 2004 U.S. Dist. LEXIS 23502, 2004 WL 2650906 (S.D.N.Y. Nov. 22, 2004) ...................................................................... 6
Finkel v. Romanowicz, 577 F.3d 79 (2d Cir. 2009 ........................................................................ 3
Frow v. De La Vega, 82 U.S. 552, 554, 21 L. Ed. 60 (1872) ........................................................ 5
Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155 (2d Cir. 1992) ................. 3
Huang v Fort Greene P'ship Homes Condo., 228 A.D.3d 912 N.Y.S.3d 351 (2d Dept. 2024) ...... 4
International Controls Corporation v. Vesco, 535 F.2d 742 (2d Cir. 1976) ................................. 6
Lite-Up Corp. v. Sony Music Ent., Inc., No. 97 Civ.1546, 1999 U.S. Dist. LEXIS 9402, 1999 WL 436563 (S.D.N.Y. June 24, 1999) ........................................................................................... 7
Rivera v. Mattingly, No. 06 Civ. 7077, 2017 U.S. Dist. LEXIS 98643, 2017 WL 7050323 (S.D.N.Y. June 23, 2017 ................................................................................................................. 6
SEC v. Yin, 2023 U.S. Dist. LEXIS 57036 ............................................................................. 6,7,8
Unitrans Consolidated, Inc. v. Classic Closeouts, LLC, 2010 U.S. Dist. LEXIS 31366, (E.D.N.Y. 2010) ................................................................................................................................ 4
Veerji Exps. v. Carlos St Mary, Inc., 2023 U.S. Dist. LEXIS 54356 ......................................... 8,9

**Rule**

FRCP Rule 12 ................................................................................................................................. 3

Plaintiff Arthur Kill Properties, LLC ("Plaintiff AKP") respectfully submits this memorandum of law in support of its Motion for Default Judgment against Defendant Dealer Direct Services, Inc. ("Defendant Dealer Direct") for the amount of $2,880,000.00.

As set forth below and in accompanying papers, Plaintiff AKP is entitled to a default judgment against Defendant Dealer Direct pursuant to Federal Rule of Civil Procedure 55(a) and this Court's Local Civil Rule 55.2.

## STATEMENT OF FACTS

Plaintiff AKP owns the property located at 4350 Arthur Kill Road, Staten Island, New York (hereinafter the "Property") (*See* Doc. No. 1, ¶ 25; Rosatti Decl., ¶ 3[1]). Pursuant to AKP's Operating Agreement, John Rosatti, the Managing Member ("hereinafter "Rosatti" or the "Managing Member"), has full, exclusive and complete discretion to manage and control the business and affairs of AKP, to make all decisions affecting the business and affairs of AKP and to take all such actions as he deems necessary or appropriate to accomplish the purpose of AKP. (*See* Doc. No. 1, ¶ 26; Rosatti Decl., ¶ 4). Neil Devito was the non-Managing Member of AKP at all relevant times. (*See* Doc. No. 1, ¶ 27; Rosatti Decl., ¶ 5).

Neal Devito is the owner of Defendant Dealer Direct. (*See* Doc. No. 1, ¶ 28; Rosatti Decl., ¶ 6). Devito, the non-Managing Member of AKP, never had the right or authority to enter into any agreements on behalf of AKP. (*See* Doc. No. 1, ¶ 27; Rosatti Decl., ¶ 7). Defendant Dealer Direct entered into an arrangement with Defendant Breen Bros. Towing, Inc. ("Defendant Breen Bros.") wherein Defendant Dealer Direct illegally permitted Breen Bros to store vehicles on the Property without Plaintiff AKP's consent. (*See* Doc. No. 1, ¶ 31; Rosatti Decl., ¶ 8-9). Defendant Dealer Direct entered into this arrangement with Defendant Breen Bros., despite not having the right to

---

[1] "Rosatti Decl. at ¶ _____ refers to the accompanying Declaration of Adam Rosatti in Support of Plaintiffs' Motion for a Default Judgment

1

do so. Defendant Dealer Direct lacked any authority to enter into any arrangement with Defendant Breen Bros. – or any other entity – to store vehicles on AKP's Property. (*See* Doc. No. 1, ¶ 31; Rosatti Decl., ¶ 8-9). The arrangement between Defendant Dealer Direct and Defendant Breen Bros. was entered into without the approval or knowledge of AKP. (*See* Doc. No. 1, ¶ 32; Rosatti Decl., ¶ 9-10).

By failing to have any authority, apparent or otherwise, to permit Defendant Breen Bros. to store vehicles on the Property, Defendant Dealer Direct prevented Plaintiff AKP from its right to use, enjoy and conduct business on the Property without interference. (*See* Doc. No. 1, ¶ 113-115, 121-123; Rosatti Decl., ¶ 11). Due to the lack of Plaintiff AKP from being able to properly utilize the Property due to Defendant Dealer Direct, Plaintiff AKP suffered a loss of profits and storage fees that Plaintiff AKP would otherwise would have been able to use. (*See* Doc. No. 1, ¶ 113-117, 121-126; Rosatti Decl., ¶ 112). Plaintiff AKP would have been able to charge storage fees equal to $125.00 per day, per car, for 6-months. (*See* Rosatti Decl., ¶ 13). The portion of the Property that Plaintiff AKP could not use due to Defendant Dealer Direct would have been able to, at a minimum, store 100 cars each day. (*Id.*) Thus, Plaintiff AKP incurred damages against Defendant Dealer Direct in the amount of $2,250,000.00 based on its inability to charge storage fees for those vehicles that Defendant Dealer Direct had permitted to be stored on the Property without any authority. (*See* Rosatti Decl., ¶ 14).

Moreover, Plaintiff AKP has also suffered damages because it was unable to conduct business with a third-party entity, Amazon. (*See* Doc. No. 1, ¶ 117, 123, 125; Rosatti Decl., ¶ 15). Specifically, Plaintiff AKP was unable to rent three (3) acres of the Property to Amazon to store its vehicles on the Property for seven (7) months. (*See* Rosatti Decl., ¶ 16). Plaintiff AKP would have been able to rent out each acre to Amazon for $30,000.00 per acre. (*See* Rosatti Decl., ¶ 16).

2

This resulted in a $630,000.00 loss of business with Amazon. (*Id.*) Therefore, Plaintiff AKP incurred damages against Defendant Dealer Direct in the amount of $630,000.00 based on its inability to rent out three (3) acres of the Property to Amazon. (*Id.*, at ¶ 17).

In total, Plaintiff AKP has incurred $2,880,000.00 worth of damages as against Defendant Dealer Direct for its interference with Plaintiff AKP's right to use, enjoy and manage the Property. (*Id.*, at ¶ 18).

<u>The Litigation</u>

This action was commenced on August 16, 2023, with the filing of the Complaint. (Doc. No. 1). On August 18, 2023, this Court issued the Summons against each defendant. (Doc. No. 8). Defendant Dealer Direct was served August 22, 2023. (Doc. No. 12). The Affidavit of Service was filed with the Clerk of the Court on August 25, 2023. As such, Defendant Dealer Direct had until September 12, 2023 to respond to the Complaint. (Doc. No. 12; *see also* FRCP Rule 12). Dealer Direct Services, Inc., has not answered or otherwise moved with respect to the Complaint, and the time for Deal Direct Services, Inc. to answer or otherwise move has not been extended. On September 20, 2023, Plaintiffs requested that the Court issue a certificate of default against, *inter alia*, Defendant Dealer Direct. (Doc. No. 18). The Clerk of the Court entered the default of Defendant Dealer Direct on October 4, 2023. (Doc. No. 21). To date, Defendant Dealer Direct has failed to take any action to vacate the Certificate of Default entered against it.

**ARGUMENT**

I. **THE PLAINTIFFS ARE ENTITLED TO A DEFAULT JUDGMENT**

Federal Rule of Civil Procedure 8(d) provides that a default constitutes an admission of all well-pleaded factual allegations in the Complaint, except those relating to damages. *See, e.g.*, *Finkel v. Romanowicz*, 577 F.3d 79, 83 n. 6 (2d Cir. 2009); *Greyhound Exhibitgroup, Inc. v.*

3

*E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1992); *Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65 (2d Cir. 1981). Here Dealer Direct Services, Inc. Is In default and therefore admits the well-plead allegations of the complaint as to liability. *See Greyhound,* 973 F.2d at 158. In particular, Defendant Dealer Direct admits that it permitted Defendant Breen Bros. to store vehicles on the Property without any authority to do so. Moreover, Defendant Dealer Direct admits that Plaintiff AKP had the right to use, enjoy and conduct business on the Property without interference and that Defendant Dealer Direct interfered with Plaintiff AKP's right.

Even though Defendant Dealer Direct's failure to respond to the Complaint constitutes an admission of the well-pled allegations as to liability, the relevant declarations and documents establish and prove that Defendant Dealer Direct is liable for the loss of profit, loss of storage fees, and lack of ability for Plaintiff AKP to rent out three (3) acres of the Property to Amazon. Therefore, Plaintiff AKP has established entitlement to a default judgment against Defendant Dealer Direct.

**II.     PLAINTIFF AKP IS ENTITLED TO JUDGMENT AGAINST DEALER DIRECT SERVICES FOR TRESPASS AND PRIVATE NUISANCE**

Although the well-pleaded factual allegations in the complaint are deemed admitted upon a defendant's default (*Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)), "[a] plaintiff must . . . establish that on the law it is entitled to the relief it seeks, given the facts as established by the default." *Unitrans Consolidated, Inc. v. Classic Closeouts, LLC*, 2010 U.S. Dist. LEXIS 31366, *4 (E.D.N.Y. 2010).

The elements of a cause of action sounding in trespass are an intentional entry onto the land of another without justification or permission, or a refusal to leave after permission has been granted but thereafter withdrawn." *Huang v Fort Greene P'ship Homes Condo.*, 228 A.D.3d 912, 917, 215 N.Y.S.3d 351 (2d Dept. 2024)).

4

The elements of a cause of action for a private nuisance are: "(1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act." *Copart Indus. v. Consolidated Edison Co. of NY*, 41 N.Y.2d 564, 570, 394 N.Y.S.2d 169 (1977).

Taking these allegations as admitted as it relates to Defendant Dealer Direct, the elements of both claims are present, i.e., Plaintiff AKP did not give permission to Defendant Dealer Direct to permit the storage of vehicles on the subject property. As such, Plaintiff AKP was deprived of its use and enjoyment of the property because of Defendant Dealer Direct's ultra vires act.

Defendant Dealer Direct illegally and intentionally allowed Defendant Breen Bros to store vehicles on the Property. Defendant Dealer Direct lacked any authority to enter into any arrangement with Defendant Breen Bros. to store vehicles on Plaintiff AKP's Property. The agreement entered into by Defendant Dealer Direct and Defendant Breen Bros was entered into without the approval or knowledge of AKP. Further, at the entrance to the Property, there is a sign that reads "NO PARKING PRIVATE PROPERTY VIOLATERS WILL BE TOWED AT VEHICLE OWNERS EXPENSE" and lists Plaintiff Plaza as the authorized tow company. Plaintiff AKP further affirmed that the vehicles that were placed on the Property were not authorized to remain on the Property. Therefore, Plaintiff AKP has sufficiently proven that it is entitled to a default judgment against Defendant Dealer Direct on its causes of action for trespass and private nuisance.

### III. DEFAULT AGAINST DEALER DIRECT WILL NOT IMPACT THE APPEARING DEFENDANTS

While there is caselaw that at times is invoked precluding default against one defendant in a multi-defendant case (*Frow v. De La Vega*, 82 U.S. 552, 554, 21 L. Ed. 60 (1872)), a careful analysis of Second Circuit case law considering the "Frow principle" indicates that (1) the

5

continued application of *Frow* is doubtful following the enactment of Rule 54(b) and (2) while district courts within the Circuit have continued to apply *Frow* in an inconsistent manner, there is a consistent throughline in the cases: *Frow* does not prevent entry of judgment where the defendants are not similarly situated and there is no risk of inconsistent judgments. That is the case here.

*Frow's* applicability has been called into serious question by the Second Circuit. In *International Controls Corporation v. Vesco*, 535 F.2d 742 (2d Cir. 1976), the court addressed the question whether – notwithstanding Rule 54(b) – *Frow* still forbade the entry of a final judgment against one defendant while the others continued to contest liability. *SEC v. Yin*, 2023 U.S. Dist. LEXIS 57036, *16 (S.D.N.Y. 2023) (*citing* 535 F.2d at 746 n.4). The Court cautioned that "it is most unlikely that Frow retains any force subsequent to the adoption of Rule 54(b)." *Id.* Because Rule 54(b) squarely applies to the present case, the Court must defer to the Second Circuit's warning that *Frow* retains little, if any, authority.

Some courts have continued to look to the *Frow* principle in situations of true joint liability, refusing to apply *Frow* in situations of joint and several liability. See *Rivera v. Mattingly*, No. 06 Civ. 7077, 2017 U.S. Dist. LEXIS 98643, 2017 WL 7050323, at *7 (S.D.N.Y. June 23, 2017) (collecting cases and acknowledging that "if the liability sought to be imposed is joint and several rather than joint, most courts have held that the rationale of Frow does not directly apply, since it would not be inconsistent to hold some but not all defendants liable."); *Economist's Advocate, LLC v. Cognitive Arts Corp.*, No. 01 Civ. 9486, 2004 U.S. Dist. LEXIS 23502, 2004 WL 2650906, at *4 (S.D.N.Y. Nov. 22, 2004) ("To the extent the rule announced by Frow affects entry of default judgment as to one defendant prior to a determination on the merits as to the remaining defendants, it has been limited by many courts to those instances where the liability of the defendants is joint.");

6

*see also Lite-Up Corp. v. Sony Music Ent., Inc.*, No. 97 Civ.1546, 1999 U.S. Dist. LEXIS 9402, 1999 WL 436563, at *2 (S.D.N.Y. June 24, 1999) (same).

### A. There is no joint liability between Dealer Direct and any other defendant.

Joint liability "arises when a tortious act is committed by several persons acting in concert. It means that each tortfeasor is entirely responsible for the damage resulting from that concerted conduct.". *SEC v. Yin*, 2023 U.S. Dist. LEXIS 57036 at *24. Implicit "in this analysis is the notion that the liability of each party is dependent on the liability of the other -- that is, that it would be logically inconsistent for one to be held liable while the other is not." *Lite-Up Corp.*, 1999 U.S. Dist. LEXIS 9402 at *7.

Here, the two causes of action at issue - trespass and private nuisance - do not present joint liability between Defendant Dealer Direct and any other defendant.[2] The thrust of the claims as they relate to Dealer Direct is that Dealer Direct - which has no ownership interest in the property at issue - permitted vehicles to be stored on the property without Plaintiff AKP's permission. The absence of such authority does not render the other defendants jointly liable for the damages, i.e., Plaintiff AKP not being able to use the property for its use and enjoyment. The harm committed by Dealer Direct, i.e., using the property for its own benefit, is separate and distinct from the trespass and nuisance claims brought against the other defendants. The claims as it relates to them has to do with preventing Plaintiff AKP from removing the vehicles.

Moreover, whether Defendant Breen Bros. relied upon Defendant Dealer Direct representations about whether Defendant Breen Bros. could store vehicles on the property does not present joint liability if Defendant Dealer Direct is found via default that Plaintiff AKP never authorized it to permit Defendant Breen Bros. to store vehicles on the property. Stated another

---

[2] Plaintiff AKP abandons its civil conspiracy claim as it relates to Dealer Direct.

7

way, liability of Defendant Dealer Direct does not depend on liability against the Defendant Breen Bros. and vice versa. *Veerji Exps. v. Carlos St Mary, Inc.*, 2023 U.S. Dist. LEXIS 54356, *4 (S.D.N.Y. 2023) (granting default against non-appearing defendant and letting claims proceed against appearing defendants).

Similarly, the claims solely against the City Defendants and Breen Defendants, i.e., claims 1, 2, 6, and 7, do not implicate Defendant Dealer Direct at all. As such, finding default on claims 3 and 4 against Defendant Dealer Direct does not impose joint liability on the other defendants for claims 1, 2, 6 and 7.

**B.     There will not be inconsistent results.**

In a typical case "where *Frow* applies, holding one defendant liable due to default raises the specter of inconsistency because a plaintiff may fail to prove that the non-defaulters are liable on the merits." *SEC v. Yin*, 2023 U.S. Dist. LEXIS 57036, *28.

As discussed, *supra*, there will not be inconsistency. As to claims 3 and 4 (trespass and private nuisance), a finding that Defendant Dealer Direct did not have authority from Plaintiff AKP to store vehicles on the property, is a separate and distinct harm from the other defendants preventing Plaintiff AKP from removing the vehicles. Finding Defendant Dealer Direct liable for private nuisance and trespass for permitting storage of vehicles would not be inconsistent from finding that the other defendants prevented Plaintiff AKP from removing the vehicles from the property. To be clear, the damages against Defendant Dealer Direct are solely for any loss of use of enjoyment of the Property prior to the date of Plaintiff Espada's arrest. Any other damages incurred by any of the Plaintiffs after Plaintiff Espada's arrest are separate and apart from the damages that Defendant Dealer Direct caused prior to the arrest.

8

Similarly, finding Defendant Dealer Direct liable for private nuisance and trespass for permitting storage of vehicles without authority would not be inconsistent from *not finding* that the other defendants prevented Plaintiff AKP from removing the vehicles.

Finding Defendant Dealer Direct liable for private nuisance and trespass for permitting storage of vehicles without authority would not be inconsistent from finding Breen Defendants unjustifiably relied upon Defendant Dealer Direct's representations that it had the authority to let Breen Defendants store vehicles. In fact, the respective liability does not depend on each other. Accordingly, by granting a default on behalf of Plaintiff AKP against Defendant Dealer Direct will not result in inconsistent results.

### C. There is no reason to delay.

The liability of Defendant Dealer Direct is not so closely related to the appearing defendants' liability that there is just reason to delay entry of final judgment against the Defendant Dealer Direct. Additionally, the appearing defendants have the ability to, and are, continuing to actively defend themselves. In such circumstances, a default against Defendant Dealer Direct weighs against finding just reason to delay such default. *Veerji Exps. v. Carlos St Mary, Inc.*, 2023 U.S. Dist. LEXIS 54356 at *5 ("the liability of the St. Mary Defendants is not so closely related to Brink's liability that there is just reason to delay entry of final judgment against the St. Mary Defendants."). As such, there is no reason to delay the entry of final default judgment against Defendant Dealer Direct.

### IV. PLAINTIFF IS ENTITLED TO DAMAGES

Dealer Direct's ultra vires acts of permitting storage of vehicles on the property prevented Plaintiff AKP from utilizing its property for the rental of vehicles. Dealer Direct's improper use

9

of the property, therefore, cost lost rental income for vehicle storage. Plaintiff AKP is entitled to $2,880,000.00 based on the following formula:

| Category of Damages | Calculation of Damages | Total Amount of Damages |
|---|---|---|
| Loss of profits and storage fees from AKP's loss of enjoyment of Property | $125 per day, per car, for 6-months. 100 cars in total. ($125 x 100 cars x 180 days) | $2,250,000.00 |
| Loss of business with third-party entities due to AKP's loss of enjoyment of the Property | $30,000 per acre to third-party entity (Amazon), three-acres not able to be utilized for 7 months. ($30,000 x 3 acres x 7 months) | $630,000.00 |

The risk of an inconsistent judgment to delay damages is not justified for two reasons. First, claims 1, 2, 6 and 7 do not implicate Dealer Direct. Second, the scenario where Breen Defendants prevail on their defense of apparent authority. In such a circumstance, Plaintiff AKP will have been unnecessarily held in abeyance from collecting upon its judgment against Dealer Direct, further extending the harm to it.

Courts frequently permit default on damages in similar scenarios. In *Abbott Labs. v Adelphia Supply United States*, the Court engaged in a lengthy balancing test in granting default on damages. The Court stated:

> In *Int'l Gemmological Inst., Inc. v. Rafaeil*, the court observed that while some decisions delayed a damages inquest over concerns of inconsistent awards, that interest in "judicial economy" must yield to the "interests of the parties in proceeding with the inquest." No. 05-cv-2395 JGK JCF, 2005 U.S. Dist. LEXIS 19288, 2005 WL 3880222, at *2 (S.D.N.Y. Aug. 17, 2005), *report and recommendation adopted*, 2006 U.S. Dist. LEXIS 23339, 2006 WL 739822 (S.D.N.Y. Mar. 21, 2006). Specifically, the parties there would have been prejudiced by delay because plaintiff could not begin to collect until final judgment was entered, and the "defaulting defendants would have ample opportunity to spend, secrete, or otherwise protect their ill-gotten gains . . . [which would] permanently [*28] prevent the plaintiff from being made whole." *Id.* 2005 U.S. Dist. LEXIS 19288, [WL] at *3. Additionally, the court determined that this would also prejudice the non-defaulting defendants, since if "defaulting parties are able to

10

insulate themselves from judgment during the continuing litigation, the non-defaulting parties could be forced to satisfy the entire damage award without the possibility of contribution from the defaulting defendants." *Id.; see also Bleecker v. Zetian Sys., Inc.*, No. 12-cv-2151 DLC, 2013 U.S. Dist. LEXIS 157103, 2013 WL 5951162, at *7 (S.D.N.Y. Nov. 1, 2013) (declining to delay entry of final judgment against defaulting defendant because, *inter alia*, plaintiff plead that defaulting defendant against whom final judgment was sought was "seeking to avoid liability" by transferring out its assets); *Lemache*, 354 F. Supp. 3d at 154 ("Courts in this Circuit have routinely declined to apply *Frow* in cases asserting joint and several liability, and proceeded to decide the default judgment motion while other parties are litigating.").

2020 US Dist LEXIS 241980, *28 (E.D.N.Y. Dec. 23, 2020). Here, as set forth in the Rosatti Declaration he is aware that Neal Devito – Defendant Dealer Direct's principal – is no longer doing business through that entity but instead has shifted his business activities to another entity that he owns, 13 Miles LLC. (*See* Doc. No. 1, ¶ 28; Rosatti Decl., ¶ 19). In fact, that is the entity that Breen Bros. issued two payments via check for storage fees at the property in question. (*See* Rosatti Decl., ¶ 20, Ex. "A"). As such, there is a serious pressing issue of collecting damages from Defendant Dealer Direct. That only grows more acute each day. As Judge Amon recognized in *Abbot*, a non-appearing defendant can play the system of insulating itself from collection by not appearing and absconding of its assets. Here, there is a very real probability of such conduct. Similar to Judge Amon's reasoning, the Court here should not permit Defendant Dealer Direct to benefit from its intentional non-appearance. Consequently, the judgment in the amount of $2,888,000.00 plus prejudgment interest should be entered in Plaintiff AKP's favor.

## CONCLUSION

For the foregoing reasons, the Plaintiff AKP respectfully requests that the Court (a) grant it judgment against Defendant Dealer Direct in the total amount of $2,880,000.00 due to Plaintiff AKP's loss of use of the Property due to Defendant Dealer Direct's trespass and private nuisance,

plus attorney's fees and other costs and (b) to grant Plaintiff AKP such other and further relief that this Court deems just.

Dated: Lake Success, New York
April 11, 2025

**MILMAN LABUDA LAW GROUP PLLC**

By: */s/ Kyle F. Monaghan, Esq.*
Michael J. Mauro, Esq.
Kyle F. Monaghan, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
michael@mllaborlaw.com
kyle@mllaborlaw.com
*Attorneys for Plaintiffs*