**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
**MILTON ESPADA, ARTHUR KILL PROPERTIES, LLC, and PLAZA BODY SHOP, INC.**

                              **Plaintiffs,**

            - against -

**CITY OF NEW YORK, NEW YORK POLICE DEPARTMENT CAPTAIN GLORISEL LEE, NEW YORK POLICE DEPARTMENT LIEUTENANT MIGUEL ESTEVEZ, BREEN BROS. TOWING, INC., JOSEPH BREEN, and DEALER DIRECT SERVICES, INC.**

                              **Defendants.**
------------------------------------------------------------------X

Case No.: 23-cv-6186 (NRM)(JRC)

**DECLARATION OF ADAM ROSATTI IN SUPPORT OF PLAINTIFF ARTHUR KILL PROPERTIES, LLC'S MOTION FOR DEFAULT**

      Adam Rosatti declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

      1.     I am an authorized representative of Plaintiff Arthur Kill Properties, LLC ("Plaintiff AKP").

      2.     As such, I am familiar with all the facts and circumstances heretofore had herein based upon my personal knowledge and a review of documents maintained at Plaintiff AKP's office.

      3.     Plaintiff AKP owns the property located at 4350 Arthur Kill Road, Staten Island, New York 10309 (hereinafter the "Property").

      4.     My father, John Rosatti, is the managing member of Plaintiff AKP pursuant to its Operating Agreement. As such, he has full, exclusive and complete discretion to manage and control the business and affairs of Plaintiff AKP, to make all decisions affecting the business and

affairs of Plaintiff AKP and to take all such actions as he deems necessary or appropriate to accomplish the purpose of Plaintiff AKP.

5. Neil Devito was the non-Managing Member of Plaintiff AKP at all relevant times.

6. Neil Devito was also the owner of Defendant Dealer Direct Services, Inc. ("Defendant Dealer Direct") at all relevant times.

7. As such, Neil Devito, as the non-Managing Member of Plaintiff AKP, did not have the right or authority to enter into any agreements on behalf of Plaintiff AKP.

8. However, Defendant Dealer Direct entered into an arrangement with Defendant Breen Bros. Towing, Inc. ("Defendant Breen Bros.") wherein Defendant Dealer Direct permitted Defendant Breen Bros. to store vehicles on the property without Plaintiff AKP's consent.

9. To be clear, Defendant Dealer Direct and Neil Devito did not have the authority to enter into any arrangement with Defendant Breen Bros. – or any other entity – to store vehicles on Plaintiff AKP's Property.

10. As such, the arrangement between Defendant Dealer Direct and Defendant Breen Bros. was entered into without the approval or knowledge of Plaintiff AKP.

11. By failing to have any authority, apparent or otherwise, to permit Defendant Breen Bros. to store vehicles on the Property, Defendant Dealer Direct prevented Plaintiff AKP from its right to use, enjoy and conduct business on the Property without interference.

12. Based on Plaintiff AKP's lack of being able to properly utilize the Property due to Defendant Dealer Direct, Plaintiff AKP suffered a loss of profits and storage fees that Plaintiff AKP otherwise would have been able to obtain.

13. Plaintiff AKP would have been able to charge storage fees equal to $125.00 per day, per car, for 6-months. The portion of the Property that Plaintiff AKP could not use due to Defendant Dealer Direct would have been able to, at a minimum, store 100 cars each day.

14. Thus, Plaintiff AKP incurred damages against Defendant Dealer Direct in the amount of $2,250,000.00 based on its inability to charge storage fees for those vehicles that Defendant Dealer Direct had permitted to be stored on the Property without any authority.

15. Moreover, Plaintiff AKP has also suffered damages because it was unable to conduct business with a third-party entity, Amazon.

16. Specifically, Plaintiff AKP was unable to rent three (3) acres of the Property to Amazon for seven (7) months. Plaintiff AKP would have been able to rent out each acre to Amazon for $30,000.00 per acre. This resulted in a $630,000.00 loss of business with Amazon.

17. Therefore, Plaintiff AKP incurred damages against Defendant Dealer Direct in the amount of $630,000.00 based on its inability to rent out three (3) acres of the Property to Amazon.

18. In total, Plaintiff AKP has incurred $2,880,000.00 worth of damages against Defendant Dealer Direct for its interference with Plaintiff AKP's right to use, enjoy and manage the Property.

19. In addition, I have become aware that Neil Devito is no longer transacting business under Defendant Dealer Direct, but has shifted all of his business activities through an entity named 13 Miles LLC.

20. It should be noted that Defendant Breen Bros. sent payments to 13 Miles LLC as part of its arrangement with Defendant Dealer Direct to improperly store vehicles on the Property. Annexed hereto as Exhibit "A" is a copy of the checks produced in discovery evidencing payments from Defendant Breen Bros. to 13 Miles LLC.

21. I respectfully request that this Court grant Plaintiff AKP's motion for a default against Defendant Dealer Direct in the amount of $2,880,000 and for any further relief this Court deems just.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 11, 2025.

*adam Rosatti*
Adam Rosatti